(February 26, 1992)

■ In the Matter of JOHN J. GLAVIN, JR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court on February 6, 1958 and maintains an office for the practice of law in Loudonville, Albany County.

Petitioner, the Committee on Professional Standards, moves to confirm the report of the Referee insofar as it sustained various charges of professional misconduct against respondent including neglect of client matters, improper handling of client funds, technical conversion, attempting to mislead and deceive petitioner, failure to cooperate with petitioner, and failing to pay the stenographic costs of a hearing as required by this court's rules (22 NYCRR 806.4 [e]).

We grant petitioner's motion and confirm the Referee's report with respect to all charges and specifications of the petition and supplemental petition sustained by the Referee except that portion of specification 2 of charge VIII of the petition which accuses respondent of not producing pursuant to subpoena, at the May 1, 1990 and June 12, 1990 hearings, his records pertaining to his client David Purdy. With respect to that portion the motion is denied and the accusation dismissed.

We also dismiss the charges and specifications of the petition not sustained by the Referee, which findings petitioner

---

does not move to disaffirm; they include specification 4 of charge IV which is repetitive of specification 1 of charge I; specification 1 of charge V which accused respondent of converting funds belonging to his clients Edith and Salvatore Aliberti; and that portion of specification 2 of charge VII which accused respondent of failing to maintain complete records of David Purdy's funds.

The charges and specifications sustained by the Referee which we confirm demonstrate that respondent is guilty of serious professional misconduct.

With respect to the Alibertis, respondent neglected their real estate matters, failed to adequately respond to their justifiable inquiries, and failed to properly deposit their moneys into identifiable bank accounts or to remit their moneys to them upon demand. More specifically, with respect to the Alibertis' sale of their house, respondent delayed for one year before providing them with a closing statement or bill for his services; he failed to clear the title of a judgment lien, a fairly simple task which the Alibertis eventually did themselves; he has been unable to account for his receipt of $1,200 from a title company on the Alibertis' behalf; and he delayed for one year from the closing before remitting $4,083 he held for them from the sale. With respect to the Alibertis' sale of a building lot, respondent failed to schedule a closing despite accepting a $500 down payment from the purchaser on their behalf; failed to deposit the $500 down payment into an identifiable bank account; and, despite repeated demands by the Alibertis, failed to remit the $500 to them for about two years.

With respect to David Purdy, respondent received Social Security checks on his behalf over a one-year period totalling $21,153 but neglected to deposit those checks into an account until he had accumulated a year's worth of checks and until Purdy decided to move to Colorado and have future checks sent to a relative there. Respondent also failed to respond to appropriate inquiries about Purdy's funds from Purdy's bank conservator in Colorado and from the bank's attorney; he also failed to render a requested accounting to them of his handling of Purdy's funds. In addition, because respondent used funds from his attorney account which did not belong to respondent or Purdy to make payments to Purdy, respondent technically converted the funds of other clients in the account. Respondent moved before the Referee to dismiss the Purdy charge and specifications because, according to respondent, the initial letter to petitioner from the attorney for the Colorado bank conservator was not a valid complaint conferring juris-

diction on petitioner to investigate respondent. Respondent argued that it was not a valid complaint because (1) the letter was addressed to the Supreme Court, Third Department rather than petitioner; (2) the letter inquired about respondent's attorney status and about procedures for filing complaints but was not actually a letter of complaint; and (3) neither the Colorado attorney nor the Colorado bank conservator had standing to file a complaint against respondent. The Referee correctly denied the motion. Petitioner has the duty to consider and cause to be investigated all matters called to its attention, whether by complaint or otherwise *(see,* 22 NYCRR 806.3 [b]).

With respect to his client Cheryl A. Van Zandt, respondent neglected her divorce proceeding between May 1989, when he was assigned to represent her by Supreme Court, Albany County, and the fall of 1990 when Van Zandt sought assignment of a new attorney and complained to petitioner about respondent's inactivity. According to respondent, he served a summons on Van Zandt's husband in March 1990, over nine months after his assignment. It appears respondent took no further action to effectuate the divorce. He also failed to respond to inquiries from Van Zandt about the status of the matter.

With respect to his client Benzie Johnson, who was involved in an automobile accident in June 1985, respondent failed to properly commence a personal injury lawsuit on his behalf resulting in its dismissal (affirmed by this court on Dec. 5, 1991 *[Johnson v Viola,* 178 AD2d 748]). Respondent also failed to respond to many of Johnson's inquiries about the lawsuit.

All of the above clients have been harmed by respondent's professional misconduct. The Alibertis have suffered stress, were deprived for a time of the use of their moneys, and felt compelled to complete by themselves work they had hired respondent for, especially clearing the title to the house they sold and scheduling and holding a closing for the sale of their building lot. Purdy lost interest on Social Security moneys not timely deposited. Van Zandt's divorce was unreasonably delayed. Johnson lost his opportunity to have his personal injury lawsuit decided on the merits.

Respondent's neglect, poor record keeping, and unresponsiveness has also characterized his dealings with petitioner. He has failed to answer in a timely fashion any of petitioner's inquiries and, indeed, has responded only when directed to appear before petitioner by this court's subpoena. He has also

failed to produce, in a timely fashion, the documentation petitioner has requested or that which he has been required to produce by subpoena. In at least one instance, the Referee concluded that respondent had attempted to mislead and deceive petitioner, citing respondent's December 21, 1989 letter to petitioner in which he asserted that he had remitted the $500 down payment to the Alibertis when he had not yet done so. Finally, respondent has failed to pay the stenographic costs associated with his appearance at a June 12, 1990 hearing before petitioner, despite his obligation to do so pursuant to this court's rules (22 NYCRR 806.4 [e]), warnings from petitioner prior to the hearing that he would be obligated to pay such costs, and two letters from petitioner requesting payment.

In aggravation of his professional misconduct, petitioner cites respondent's prior disciplinary history. On December 31, 1979, a letter of admonition was issued to respondent for neglecting an estate. On April 6, 1987, a letter of caution was issued to respondent for neglecting to negotiate a financial disagreement following a real estate transaction for approximately two years despite his repeated assurances that he would conclude same. According to petitioner, respondent also failed to properly cooperate with its investigation of both matters.

In mitigation of his professional misconduct, respondent cites the illness of his father, also an attorney, in the period 1986-1987 and then his death in a house fire in the summer of 1987 which devastated respondent emotionally. He also cites his own ill health and disruption in his professional life caused by a forced move from the downtown Albany building where he and his father had maintained their law office for three decades.

After considering all of the above factors, and in order to deter similar misconduct and preserve the reputation of the Bar, we conclude that respondent should be suspended from the practice of law for a period of two years.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ. Ordered that petitioner's motion to confirm the Referee's report is granted with respect to the following charges and specifications of the petition sustained by the Referee: charges I, II, and III, specifications 1, 2, 3, and 5 of charge IV, specification 2 of charge V, charge VI, specification 1 of charge VII, that portion of specification 2 of charge VII which accuses respondent of being unable to account for his handling of David Purdy's funds to his conservator, specifications 1 and 3

of charge VIII, and that portion of specification 2 of charge VIII which accuses respondent of not producing, pursuant to subpoena, his records pertaining to the Alibertis at the May 1, 1990 and June 12, 1990 hearings; petitioner's motion to confirm the Referee's report is also granted with respect to charges I through V of the supplemental petition as sustained by the Referee; petitioner's motion to confirm the Referee's report is denied with respect to that portion of specification 2 of charge VIII of the petition, as sustained by the Referee, which accused respondent of not producing, pursuant to subpoena, his records pertaining to David Purdy at the May 1, 1990 and June 12, 1990 hearings; the petition is dismissed with respect to that portion of specification 2 of charge VIII; the petition is also dismissed with respect to the charges and specifications not sustained by the Referee; and it is further

Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition in charges I, II and III, specifications 1, 2, 3, and 5 of charge IV, specification 2 of charge V, charge VI, specification 1 of charge VII, that portion of specification 2 of charge VII which accuses respondent of being unable to account for his handling of David Purdy's funds to his conservator, specifications 1 and 3 of charge VIII, and that portion of specification 2 of charge VIII which accuses respondent of not producing, pursuant to subpoena, his records pertaining to the Alibertis at the May 1, 1990 and June 12, 1990 hearings; respondent is also found guilty of professional misconduct as charged and specified in charges I through V of the supplemental petition; and it is further

Ordered that John J. Glavin, Jr. be and hereby is suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, commencing March 26, 1992, and until further order of this court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) (22 NYCRR) of this Court's rules governing the conduct of attorneys, and that he has otherwise properly conducted himself during the period of his suspension; and it is further

Ordered that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as

an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further

Ordered that respondent shall comply with the provisions of section 806.9 of the Rules of this Court (22 NYCRR) regulating the conduct of disbarred, suspended or resigned attorneys.